IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERMAN MCCOY** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 21-1458** |
| | : | **LEAD CASE** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendants. | : | |
| **JAMAAL SIMMONS** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 19-1648** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendants. | : | |
| **JAMES FRAZIER** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 19-1692** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendants. | : | |
| **DARNELL POWELL, et al.** | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | **Civil Action No. 19-2155** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendants. | : | |
| **DONTE HILL** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 19-2156** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendants. | : | |
| **ARKEL GARCIA** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 21-2884** |
| | : | |

| | |
|---|---|
| **CITY OF PHILADELPHIA, et al.** : | |
| : | |
| Defendants. : | |
| **MARVIN HILL** : | |
| : | |
| **Plaintiff,** : | |
| v. : | **Civil Action No. 23-1002** |
| : | |
| **CITY OF PHILADELPHIA, et al.** : | |
| : | |
| Defendants. : | |
| **RAFIQ DIXON** : | |
| : | |
| **Plaintiff** : | |
| v. : | **Civil Action No. 23-1650** |
| : | |
| **CITY OF PHILADELPHIA, et al.** : | |
| : | |
| Defendants. : | |
| **DWAYNE HANDY** : | |
| : | |
| **Plaintiff** : | |
| v. : | **Civil Action No. 24-1905** |
| : | |
| **CITY OF PHILADELPHIA, et al.** : | |
| : | |
| Defendants. : | |

### BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO COMPEL OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE OF A DEPOSITION SUBPOENA ON A NON-PARTY WITNESS, ANNE L. MYERS

**I.    FACTUAL BACKGROUND**

The civil actions are civil rights cases brought by the above-named Plaintiffs and consolidated for purposes of discovery of their *Monell* claims, only. All above-named Plaintiffs have filed § 1983 claims against, *inter alia*, the City of Philadelphia for violations of their constitutional rights and resultant wrongful incarceration. On June 1, 2022, a jury found Defendant, former Detective Philip Nordo, guilty of Rape, Sexual Assault, Indecent Assault, Official Oppression, Stalking, and other offenses "related to his abuse of three victims, who were witnesses and informants during the course

of his official work." *See* DAO press release June 1, 2022. This conviction occurred in the Criminal Division of the Philadelphia Court of Common Pleas, by a jury after prosecution by the Philadelphia District Attorney's office and investigation by the Philadelphia Police Department. Following Philip Nordo's arrest, several civil actions were initiated in the Eastern District of Pennsylvania in connection with Mr. Nordo's sexual misconduct crimes as an employee of the PPD and City of Philadelphia. On October 22, 2022, all the related pending cases were consolidated for *Monell* discovery purposes. To date, this includes the following civil actions:

1) *McCoy v. The City of Philadelphia, et al.*: No. 21-1458 [LEAD CASE];
2) *Simmons v. The City of Philadelphia, et al.:* No. 19-1648;
3) *Frazier v. The City of Philadelphia, et al.*: No. 19-1692;
4) *Powell v. The City of Philadelphia, et al.*: No. 19-2155;
5) *D. Hill v. The City of Philadelphia, et al.*: 19-2156;
6) *Garcia v. The City of Philadelphia, et al.*: No. 21-2884;
7) *M. Hill v. The City of Philadelphia, et al.*: No. 23-1002;
8) *Dixon v. The City of Philadelphia, et al.*: No. 23-1650;
9) *Handy v The City of Philadelphia, et al.:* No. 24-1905.

(herein referred to as "Consolidated Civil Actions")

Since the consolidation of Plaintiffs' actions, the parties have engaged in discovery and have taken several depositions, revealing the deliberate indifference of the Philadelphia Police Department's supervision and discipline of Philip Nordo, and a custom and practice within the department that fostered an environment where individuals constitutional rights, including the above-named Plaintiffs', were repeatedly and predictably violated.

Anne L. Myers (formerly known as Anne L. Martin) is a former Philadelphia Police Department lieutenant who was responsible for investigating a report of Defendant Nordo's sexual misconduct in 2005-2006. Despite the corroborating evidence – even DNA evidence – of the complainant's allegations of sexual assault, the complaint against Defendant Nordo was determined to be "Unfounded":

> **CONCLUSION:**
>
> The allegation Detective Philip Nordo #936, PR# 229042, made sexual comments and/or sexually molested Mr. Dawud Simmons is **UNFOUNDED.**

*See* Conclusion of 2005 Internal Affairs Investigation #05-1048 into Mr. Nordo, CITY_000969

> **II. DEFINITIONS:**
>
> A. The following classifications have been established to describe the conclusion/results of an Internal Affairs investigation:
>
>   1. Sustained: Investigation demonstrates that the allegation is true and the actions(s) alleged in the complaint happened and were inconsistent with Departmental policy, directives, orders, and/or applicable local, state, or federal laws.
>
>   2. Not Sustained: A thorough investigation can neither prove nor disprove the allegation.
>
>   3. ==Unfounded: The incident alleged did not occur.==

*See* 10/30/1998 Internal Affairs Bureau Definition of "Unfounded" investigation finding, CITY_0001484

This finding is refuted by then- Investigative Support Services (ISS) Internal Affairs investigator Sergeant Richard Jones, who was tasked with leading an internal investigation into Mr. Nordo following a referral from the Philadelphia District Attorney's Office on March 24, 2017. Sgt. Jones' investigation into Mr. Nordo continued through Sgt. Jones' retirement in November of 2019, and resulted in Mr. Nordo's termination from the Philadelphia Police Department, as well as subsequent criminal prosecution stemming from evidence uncovered during Sgt. Jones' investigation. During his deposition in the Consolidated Civil Actions, Sgt. Jones testified that:

Page 133

```
1   Simmons complaint in 2005, that
2   conduct, if founded, which it should
3   have been, is a fireable offense, fair?
4        A.  Correct.
5            MR. FOX:  Objection.
6        Q.  And so what we know now -- and
7   that's why, again, to be as respectful
8   of your time as possible, I kind of
9   wanted to do it this way, because,
10  regardless of what happens with Nordo
11  in 2005, 2006, 2007, he doesn't
12  interview my client until 2012, had the
13  police officers, the Internal Affairs,
14  done their job appropriately and fired
15  him in 2005, he never would have been
16  there to subject anybody else to
17  constitutional violations, fair?
18           MR. FOX:  Objection.
19           MR. CERONE:  Objection.  You
20  can answer.
21       A.  Correct.
22       Q.  And that's what should have
23  happened, right?
24           MR. FOX:  Objection.
```

```
17       A.  Correct.
18       Q.  When we talk about -- and by the
19  way, that is, depending on the severity
20  of that conduct, it can be a fireable
21  offence as it was in 2000-, I want to
22  say '17?
23       A.  Correct.
24       Q.  Ultimately, with that Dawud
```

Page 134

```
1            MR. CERONE:  Objection.  You
2   can answer.
3        A.  Correct.
4        Q.  Ultimately, and we talked about
5   this earlier, honestly, I want    I
```

*See* 10/23/24 Deposition of Sgt. Richard Jones, pgs. 132-134.



See 10/23/24 Deposition of Sgt. Richard Jones, pgs. 137-138.

This is critical to Plaintiffs' claims because as Sgt. Jones admitted, had Detective Nordo been fired for this offense, *as he should have been,* he would have never been able to violate the constitutional rights of any of the above-named Plaintiffs. See above excerpted testimony from Sgt. Richard Jones' 10/13/24 Deposition.

In light of Ms. Myers being a relevant and material witness to events giving rise to Plaintiffs' lawsuit and their claims herein asserted, Plaintiffs have sought and continue to seek her very important deposition.

## II.    PROCEDURAL HISTORY – ATTEMPTED SCHEDULING OF MS. MYER'S DEPOSITION

Plaintiffs' counsel initially sought to have Ms. Myers appear voluntarily for her deposition. As Ms. Myers once worked for Defendant, The City of Philadelphia, Plaintiffs' counsel sent out a Notice of Deposition asking the City to produce Ms. Myers for her deposition on January 8, 2025. See Plaintiffs' Notice of Deposition directed to Ms. Myers attached hereto as **Exhibit "A"**. However, counsel for the City informed Plaintiffs' counsel that they do not represent Ms. Myers as she has

been retired from the Philadelphia Police Department for quite some time. Given this development, Plaintiffs' counsel decided to issue a subpoena for Ms. Myers' deposition on December 30th, 2024. A date of January 23, 2025, was selected for Ms. Myers's deposition and a deposition subpoena for that date was then issued for the instant action. *See* Plaintiff's cover letter to Ms. Myers and the subject Federal subpoena attached hereto as **Exhibit "B"**.

Plaintiffs engaged the services of a process server from Nicoletti & Harris, Inc., to serve Ms. Myers with the deposition subpoena. On January 7, 2025, Casey Tancredi, the designated process server, went to Ms. Myers's home at 2102 Reve Boulevard, Brigantine, NJ 08203 to serve her with same. Ms. Tancredi arrived as Ms. Myers' home and was greeted by a male occupant. Ms. Tancredi asked to speak with Ms. Myers, who then came to the door and identified herself; however, Ms. Myers would not agree to open the door and stood behind the glass door while communicating with Ms. Tancredi. Ms. Tancredi advised Ms. Myers of her reason for being there at which time Ms. Myers refused to accept the subpoena, stating "I'm not taking any subpoena" and told Ms. Tancredi "to leave it in the wind to blow away." Ms. Tancredi placed the documents/subpoena partially underneath the doormat as Ms. Myers was closing the door. Ms. Tancredi's attempt to serve Ms. Myers is set forth in the Return of Service/Proof of Service form and photographs taken at Ms. Myer's home attached hereto as **Exhibit "C"**.

Ms. Myers knows from communications with counsel's process server in this case that her deposition is being requested, and it is therefore believed by counsel for Plaintiffs that she is attempting to defeat proper service of the deposition subpoena by refusal to accept in her hand. Counsel believes that the service was proper and in full compliance with the rules governing deposition subpoenas. Despite these good-faith efforts, the witness has failed to appear at her scheduled deposition or respond to the subpoena. As such, Plaintiffs now respectfully seeks to compel her deposition or, in the alternative, serve her with the deposition subpoena by alternative service means.

### III.      LEGAL ARGUMENTS AND AUTHORITY

Federal Rule of Civil Procedure 37(a) governs motions for an Order compelling discovery from a non-party witness. This rule states that:

> *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See* Fed.R.Civ. P. 37(a)(1). This civil procedure rule also states that:

> *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

*See* Fed.R.Civ. P. 37(a)(2).

Federal Rule of Civil Procedure 45(b) governs service of subpoenas. This rule states that:

> **(b)(1)** *By Whom and How*: Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

*See* Fed.R.Civ. P. 45(b)(1). This civil procedure rule also directs that a subpoena may be served anywhere within the United States, and a person may be commanded to appear for a deposition within 100 miles of their residence:

> **(b)(2)** *Service in the United States*: A subpoena may be served at any place within the United States.
>
> **(c)(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
>> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person;

*See* Fed.R.Civ. P. 45(b)(2); 45(c)(1)(A). In the event the persons served with the subpoena refuses to comply or properly respond, this civil procedure rule also directs that they may be held in contempt:

> **(g)** *Contempt.* The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

*See* Fed.R.Civ. P. 45(g).

Rule 37(a)(1)-(2) precisely allows for the relief sought under this motion. Here, Plaintiffs were notified in no uncertain terms by Ms. Myers that she has no intention of complying with the subpoena served on her. In communications with the Defendant, City of Philadelphia, Plaintiffs also learned that she has not been responsive to them as well. Through her actions when served with the subpoena and her lack of responsiveness. Ms. Myers has made it clear that she does not wish to engage in any good faith discussions regarding her required deposition in this matter.

District Courts within the Third Circuit have routinely required personal service of a subpoena to satisfy the service requirement under Rule 45(b)(1). *See Dally v. Restore Integrative Wellness, LLC*, No. 23-4035, 2024 WL 5057195, at *1 (E.D. Pa. Dec. 10, 2024) ("[T]he longstanding interpretation of Rule 45 has been that personal service is required."); *See Smith v. Club Exploria LLC*, No. 3:20-CV-580, 2021 WL 4375907, at *2–3 (M.D. Pa. Sept. 24, 2021) ("The majority view [is] that personal service of subpoenas is required."); *Farley-Skinner*, 2018 WL 3647209, at *2 ("[C]ourts within the Third Circuit have interpreted the word 'delivering' in Fed. R. Civ. P. 45(b)(1) literally, requiring that an individual is served personally.").

The Third Circuit has held that service was not effectuated in several cases. *See McMillan v. Comm'r of New Jersey Dep't of Corr.*, 18CV13379 (EP) (JSA), 2023 WL 6121319 (D.N.J. Sept. 19, 2023) (service on an individual's wife and executive assistant does not satisfy personal service under Rule 45(b)(1)); *Fiorentino v. Cabot Oil & Gas Corp.*, 3:09-CV-2284, 2012 WL 12861600 (M.D. Pa. Jan. 6, 2012)(service on an individual's spouse and employer does not satisfy personal service under Rule 45(b)(1)); *Application of Johnson & Johnson*, 59 F.R.D. 174 (D. Del. 1973)(service on a company's registered agent seeking the deposition of an specific individual does not constitute personal service for that individual). In light of the Third Circuit's denial on several occasions to consider a subpoena personally served under Rule 45, these circumstances are all distinguishable from the instant matter, as they do not involve the subject witness presenting to the process server at their place of residence, learning of the subpoena and identifying themselves as the subject witness, and

then ultimately refusing to take the subpoena in hand as Ms. Myers did here. As such, the Court should determine in this instance that personal service was effectuated.

Rule 47(b) governing service of subpoenas expressly requires the subpoena to be served by delivering a copy to <u>the</u> <u>named</u> <u>person</u>. That is precisely what Plaintiffs' process server did in this action. The process server specifically asked for Ms. Myers, and it wasn't until Ms. Myers was present that the process server presented the subpoena. Furthermore, as can be shown through the attached photographs, the subpoena was placed directly in front of Ms. Myers' front door partially under the mat (so it did *not* blow away in the wind despite Ms. Myers' request) only after she refused to take it into her hand. There is no reasonable dispute that Ms. Myers was not aware of the deposition or did not receive the subpoena. Thus, the only available mechanism for ensuring Ms. Myers presents for her deposition and complies with the subpoena is an Order compelling her to do so.

To the extent this Court does not agree that Ms. Myers was properly served, which Plaintiffs refute, Plaintiffs seek for this Court to permit Ms. Myers to be served through alternative means. While Rule 45(b) expressly requires personal service and does not make an allowance for service by alternative means, it is respectfully submitted that it would be unjust and unfair to Plaintiffs and the prosecution of their cases if service of the deposition subpoena upon Ms. Myers could not be delivered in a different manner. Based on the affidavit and accompanying photographs from Plaintiffs' process server, it appears that Ms. Myers has attempted, and will continue to attempt to, evade service of the deposition subpoena. Accordingly, Plaintiffs respectfully submit that alternative service of their deposition subpoena is justified under the circumstances.

In a recent case from the United States District Court for the Eastern District of Michigan, Southern Division, the Court was faced with a similar scenario in which a non-party witness was evading a deposition subpoena from the defendant/third-party plaintiff. *See* a copy of the Order in Export Development Canada v. SDR Group, Inc. V. Worldwide Warranty Life Services, Inc., Case Number 19-11536, attached hereto as **Exhibit "D"**. In Export Development Canada, the Eastern

District of Michigan Court granted the defendant's requested relief for alternative service of its deposition subpoena holding,

> "Nevertheless, in the interest of facilitating the just, speedy, and inexpensive resolution of this matter, see Fed. R. Civ. P. 1, the Court will permit the defendant to attempt to advance its discovery from this witness in an economical manner by allowing the alternate service requested, and the Court finds that the means of service proposed, along with certain additional means, are reasonably calculated to give actual notice to the witness."

*Id.*

Additionally, other members of the Eastern District of Pennsylvania have recognized the need for alternative service in similar circumstances. *See* 9/06/23 Order by Judge Wolson granting Plaintiff's Unopposed Motion for Alternative Service of a Deposition Subpoena on a Non-Party Witness attached hereto as **Exhibit "E"**. Plaintiffs respectfully submit that this Court find, like the Court in Export Development Canada, that the circumstances here allow for Plaintiffs to serve Ms. Myers, a relevant and material witness, via the alternative means set forth in the Proposed Order included with this Motion.

## IV.   REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order in the form proposed and attached.

Respectfully submitted,

**VSCPLAW**   VAN NAARDEN · SPIZER
              CHASE · PINTO

*Anwar Abdur-Rahman*
JOSHUA VAN NAARDEN, ESQUIRE
JULIA RONNEBAUM, ESQUIRE
ANWAR ABDUR-RAHMAN
2001 Market Street, Suite 3700
Philadelphia, PA 19103
TEL:  215-960-0000
FAX:  215-960-0384
*Counsel for Plaintiffs James Frazier, Donte Hill, and Marvin Hill*
*Co-liaison counsel for Plaintiffs in consolidated cases*

Dated: February 11, 2025